In the Matter of the Application of DOMINICK IORIO, Petitioner, for a Summary Determination of Any Questions of Law or Fact Arising in Connection with a Certain Petition Heretofore Filed in the Board of Elections in the City of New York, on the 20th and 27th Days of February, 1940, Purporting to Nominate JOSEPH GOVERNALE (Male) for the Party Position of Member of the State Committee from the 19th Assembly District, Kings County, at the Ensuing Democratic Primary Elections to Be Held April 2, 1940.

Supreme Court, Kings County, March 21, 1940.

*Bernard Pizzitola* [*Solomon Pearlman* of counsel], for the petitioner.

*Francis D. Saitta,* for Joseph Governale, respondent.

*William C. Chanler, Corporation Counsel* [*Arthur H. Kahn* of counsel], for the board of elections of the city of New York.

LEWIS (HARRY E.), J.   The petition contains 1,760 signatures, of which 799 have been declared invalid by the board of elections.

In order to void the entire petition it must be shown that less than 350 of the remaining 961 signatures are valid.

The proof establishes the existence of seven forged signatures on six separate sheets. In addition, each of seven other sheets contains an instance of a genuine signature which was not made in the prescence of the subscribing witness. However, one of those sheets, No. 73, was completely invalidated by the board of elections; none of the signatures contained therein can again be subject to rejection. Thus only twelve sheets out of the one hundred and eleven which comprise the petition contain either forged signatures or false attestations and are pertinent here. The subscribing witnesses on these twelve sheets are Covais, Badome, Governale, Alonge, Giarraputo, Pipitone, Bonsignori and Bonetti. They appear as subscribing witnesses on eighty-one separate sheets containing 1,323 signatures. The petitioner urges that the proven perjury of these witnesses on twelve sheets renders them wholly unworthy of belief and, therefore, invalidates all eighty-one sheets.

The several isolated cases of forgery and false attestation do not permeate the entire petition with fraud. Assuming, however, that every one of the twelve sheets containing a forgery or false attestation is invalidated, the remaining sheets have a sufficient number of valid signatures to sustain the petition. The twelve sheets contain a total of 228 signatures. Rejecting them would still leave 733 valid signatures, more than enough to meet the statutory requirement. (See Election Law, § 136.)

To accept the view urged by the petitioner would invalidate those 733 signatures and deprive the voters of their expressed preference. Under the circumstances disclosed here, such an interpretation is unwarranted.

The application is denied.